UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 20-20026

DEONTAY STEVENSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR BOND**

Defendant Deontay Stevenson was indicted for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (ECF No. 17, Indictment.) Defendant was ordered detained pending trial by Magistrate Judge Elizabeth A. Stafford on November 27, 2019. (ECF No. 8, Order of Detention Pending Trial.) Defendant challenged the detention order before then-presiding judge for the district, Hon. Stephen J. Murphy III, in the absence of the undersigned. After a hearing on December 20, 2019, Judge Murphy ordered Defendant's continued detention. (ECF No. 15, Order Denying Motion for Revocation of Detention Order.)

Defendant has now filed an Emergency Motion for Bond. (ECF No. 27.) He seeks release pending trial under 18 U.S.C. § 3145(b) and (c) and requests temporary release under 18 U.S.C. § 3142(i)(4). Defendant argues that the threat of contracting the Coronavirus Disease (COVID-19) while being detained at the Livingston County Jail justifies his release into the public.

The court will first address the legal standards upon which Defendant relies to support his motion. The court will then turn to an analysis of the merits.

## I. STANDARDS

Defendant identifies the correct legal standards for his motion with some difficulty. He moves for release primarily under 18 U.S.C. § 3145(b). That provision allows review of a detention order issued "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction." *Id.* Here, the order of detention was issued by Judge Murphy, "a judge of a court having original jurisdiction" over Defendant's case. *Id.* Judge Murphy was the presiding judge during the week Defendant was arrested, and thus heard Defendant's challenge to Defendant's order of detention. (ECF No. 28, PageID.115.) The court reviewed and approved Magistrate Judge Stafford's order of detention, which would have been subject to modification under § 3145(b). *United States v. Johnson*, 103 F.3d 131 (Table) (6th Cir. 1996) (Section 3145(b) provides "district court[s] [with] jurisdiction to review a pretrial detention order issued by a magistrate judge within its jurisdiction."). Section 3145(b) is not the proper vehicle reexamine an order of detention issued by another district judge.

However, the court can review previous detention orders under 18 U.S.C. § 3142(f)(2)(B). "The [initial detention] hearing may be reopened . . . after a determination by a judicial officer, at any time before trial[,] if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). In other words, Defendant must present the court with *new* information that has a *material effect* on the court's analysis that favored detention. *Id.*; *United States v. Watson*, 475 Fed. App'x 598, 600

(6th Cir. 2012) (describing the requirements for § 3142(f)(2)(B) reopening). The court will review Defendant's detention under that standard.

Defendant also asserts, without much detail, that 18 U.S.C. § 3145(c) allows Defendant to obtain release. (ECF No. 29, PageID.134.) Section 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2) . . . may be ordered released . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Although the section is titled "Appeal from a release or detention order," the Sixth Circuit has held that district courts can consider release of a defendant under § 3145(c), and may do so without an appeal having taken place. *United States v. Christman*, 596 F.3d 870 (Mem) (6th Cir. 2010); *United States v. Cook*, 42 Fed. App'x 803 (6th Cir. 2002).

However, by the plain language of the statute, release for exceptional reasons is available only to "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2)." 18 U.S.C. § 3145(c); *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."). Sections 3143(a)(2) and (b)(2) apply to detention after a defendant has been found guilty and is awaiting sentencing. 18 U.S.C. § 3143(a)(2), (b)(2). Thus, 18 U.S.C. § 3145(c) does not apply to detention orders pending trial and Defendant cannot rely on it to obtain release. *E.g.*, *Christman*, 596 F.3d 870, 870 (Mem) (involving an order of detention "pending sentencing"); *Cook*, 42 Fed. App'x 803, 803 (analyzing a defendant's motion "for release on bond pending sentencing").

Finally, Defendant makes a brief reference to a statutory provision on temporary release, 18 U.S.C. § 3142(i)(4). (ECF No. 27-1, PageID.103-04.) After issuing a detention order, the court may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i)(4). The provision is rarely invoked. Neither the United States Supreme Court nor the Sixth Circuit have issued opinions interpreting the broad terms of "[release] necessary . . . for another compelling reason," nor who might be "[an] appropriate person" to whom a defendant could be released. Although Defendant provides little substantive argument on the topic, it appears that he interprets the provision as a providing a far-reaching right to release for weeks, and possibly months, into the public and outside government custody. It seems far more likely to this court that the referenced provision is reserved for the kind of exceptional circumstances in which a defendant requires a tailored and brief time out of his normal place of confinement, preferably while still in the custody of law enforcement personnel such as the U.S. Marshal. Springing to mind, generated by the court's own experience, are things such as the pressing need to consult with counsel while jointly reviewing voluminous and often technical documentary discovery.

Nonetheless, the court will analyze the merits of Defendant's motion and determine whether his release into the public is "necessary . . . for [a] compelling reason." 18 U.S.C. § 3142(i)(4).

## II. DISCUSSION

The facts and reasoning that favored Defendant's detention in December 2019 have not changed. To order the detention of a defendant pending trial, a court must find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, courts consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A finding of detention must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). "The default position of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

Defendant is accused of committing a serious firearm offense, felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He is alleged to have possessed an AR

pistol with .300 Blackout caliber ammunition. (ECF No. 1, PageID.3-4, ¶¶ 4-7, Complaint.) In the two months prior to his arrest, Defendant's social media feeds posted pictures of multiple pistols and assault rifles, including what appears to be the AR pistol seized in this case. (ECF No. 29, PageID.143-44.)

As the court noted when it first reviewed Defendant's detention order, Defendant presents himself to this court with a troubling history of domestic violence. He has one conviction and two arrests for domestic violence. (ECF No. 28, PageID.119-20.) For the case resulting in his conviction, a woman reported that Defendant had choked and dragged her. (*Id.*) Defendant was later accused, in a separate incident, of grabbing a different woman, throwing her to the ground and against a wall, choking her and punching her, and then fleeing the scene. (*Id.*, PageID.120.) The victim was six months pregnant at the time of the alleged assault. (*Id.*) Police officers apparently described the victim soon after the incident as being very upset, bloodied, coughing, vomiting, and having pelvic pain. (*Id.*) Defendant has not yet been convicted of a crime for those alleged events.

Defendant claims he would live with his mother if released. (ECF No. 27-1, PageID.104, Defendant's Motion ("[Defendant's] mother . . . is willing to serve as a 3rd party custodian and . . . [Defendant] would be permitted to reside with her, if he is to be released on bond.").) However, Pretrial Services rejected her as a viable third-party custodian when the court reviewed Defendant's detention order in December 2019. Pretrial Services reasoned that "[Defendant's mother] didn't verify that [Defendant] ever lived with [his mother]. [Defendant] denied living with her, and . . . a clear picture as to where exactly [Defendant's] whereabouts have been" could not be established. (*Id.*,

6

PageID.122-23.) This reasoning has not been materially altered, now four months later. It is uncertain whether Defendant's residence with his mother would ensure stability and law-abiding behavior, and whether Defendant would reside with his mother at all. The court must also consider Defendant's violent tendencies toward women; the prospect of Defendant living with his mother, apparently the two of them alone, is not an attractive one.

Lastly, Defendant has a substantial recent criminal history and a history of criminal activity while on probation and parole. During Defendant's December 2019 detention hearing, the court heard evidence that Defendant's behavior had generated three outstanding bench warrants in 2019, committed a felony fleeing and eluding offense while on probation in 2016, committed a domestic violence offense while on probation in 2017, and was on probation or parole when he was arrested for the instant offense. (*Id.*, PageID.117, 119, 121; ECF No. 1, PageID.3, ¶ 4.)

Defendant contests none of these prior findings. Without more, it is clearly and convincingly established that Defendant poses an ongoing risk to public safety, and is an unreliable flight risk. 18 U.S.C. § 3142(e); 18 U.S.C. § 3142(f)(2)(B). He has been indicted for a serious firearms charge; there is substantial evidence against him, especially considering his social media contained a picture of what appears to be the same weapon he is accused of illegally possessing; he has a history of violent behavior toward others, specifically women; the stability and permanence of his residence, if released, is uncertain at best; and he has a history of serious criminal conduct while on probation and/or parole status. 18 U.S.C. § 3142(g).

Defendant contends also that he must be released due to the recent developments of the COVID-19 outbreak. However, Defendant does not claim he is of advanced age, feeble, or that he has any pre-existing medical conditions, let alone serious ones, that make him unusually prone to viral injury. (ECF No. 27-1, PageID.105-06, Defendant's Motion ("We must also concede that Mr. Stevenson does not present with the pre-existing conditions which would place him in the category of the 'most vulnerable.'").) He instead speculates that he *may* contract COVID-19 and *may* develop serious complications. This is despite the fact that Livingston County Jail, where Defendant currently resides, has no confirmed cases of COVID-19 and has instituted precautions to mitigate the potential spread of the disease. Precautions include screening and quarantining all newly arriving detainees, cancelling all social visits, and extensive cleaning regimens.

The court recognizes that the outbreak of COVID-19 is new information that could have a "material bearing" on the analysis of Defendant's detention. 18 U.S.C. § 3142(f)(2)(B). Nonetheless, even if the court reviewed Defendant's detention *de novo*, release would not be appropriate. Uncertain and potentially distant health risks do not overcome the substantial and persuasive evidence in support of Defendant's continued detention. Also worth noting in support of this conclusion is that Defendant has offered no evidence or argument that he would be in a *better* health situation vis-à-vis the possibility of viral infection at his mother's home in or near Detroit (one of a few national "hot spots" currently experiencing multiple thousands of COVID-19 cases) than he would be if housed in a jail that has no active cases. *See Coronavirus: Michigan Data* (last visited April 24, 2020), https://www.michigan.gov/coronavirus/0,9753,7-406-

98163_98173---,00.html (detailing the varying levels of reported COVID-19 cases across the state of Michigan).

Defendant has shown anti-social and violent tendencies, and a propensity to commit serious criminal offenses while on court-ordered supervision. Considering all the factors in favor of detention, Defendant's temporary release is not "necessary . . . for [a] compelling reason" under 18 U.S.C. § 3142(i)(4), despite the COVID-19 outbreak. Defendant's request for revocation of his detention order will be denied. Accordingly,

IT IS ORDERED Defendant's "Emergency Motion for Bond" (ECF No. 27) is DENIED.

                                               s/Robert H. Cleland              /
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: April 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2020, by electronic and/or ordinary mail.

                                               s/Lisa Wagner                  /
                                               Case Manager and Deputy Clerk
                                               (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-20026.STEVENSON.EmergencyMotionforBond.RMK.RHC.3.docx